

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. THOMAS WEIBEZAHL,<br><br>    Plaintiff,<br><br>    v.<br><br>BOEING SATELLITE SYSTEMS, INC., STEPHAN ARCHER, an individual, JON D. HARRISON, an individual, and DOES 1 through 100, inclusive,<br><br>    Defendants. | CASE NO. CV05-2106 GPS(MANx)<br><br>[PROPOSED] ORDER AND JUDGMENT GRANTING DEFENDANT BOEING SATELLITE SYSTEMS, INC.'S MOTION FOR SUMMARY JUDGMENT<br><br>Before Hon. George Schiavelli<br>Hearing Date:  April 24, 2006<br>Time:          1:30 p.m.<br>Court Room:   7 - 2nd Floor<br><br>Pretrial Conf.: Sept. 11, 2006<br>Trial Date:    Oct. 10, 2006 |

    The Motion for Summary Judgment by Defendant Boeing Satellite Systems, Inc. (hereinafter "Boeing") came before this Court for regular hearing on April 24, 2006, at 1:30 p.m., Daniel F. Fears of Payne & Fears LLP appearing on behalf of Boeing, and Donald K. Hufstader of the Law Offices of Donald K. Hufstader appearing on behalf of Plaintiff R. Thomas Weibezahl, pursuant to the Notice of Motion duly served and filed by Boeing.

After consideration of the entire record in this matter, the authorities cited by counsel for the parties, and the arguments of counsel thereon, the Court finds that the following facts are undisputed: (1) Weibezahl was not an employee of Boeing (Complaint ¶ 6; Declaration of Stephen Archer ("Archer Decl."), ¶ 2.); (2) Weibezahl's employer sent a letter to Boeing in which it refused to vouch for Weibezahl and confirmed that Weibezahl had made statements opposing projects ongoing at Boeing (Archer Decl., ¶ 11, Exh. "F"); and (3) Boeing revoked Weibezahl's access to its property, but did not engage in any wrongful conduct that was intended to interfere with Weibezahl's relationship with his employer (Archer Decl., ¶¶ 13, 15; Harrison Decl., ¶ 8). The Court considered only the admissible evidence in making its determinations.

Based on the Court's findings regarding the undisputed facts in this case, the Court concludes that Boeing is not liable for interference with Weibezahl's employment contract or interference with Weibezahl's prospective economic advantage. Boeing's revocation of Weibezahl's access to its facility was within its rights. *O'Byrne v. Santa Monica-UCLA Medical Center*, 94 Cal. App. 4th 797, 114 Cal. Rptr. 2d 575 (2001). Further, there is no evidence of wrongful conduct by Boeing that was intended to interfere with Weibezahl's relationship with his employer. *Reeves v. Hanlon*, 33 Cal. 4th 1140, 1152-53, 17 Cal. Rptr. 3d 289, 298 (2004). Finally, the undisputed facts confirm that Boeing's actions were justified and privileged under the circumstances. Cal. Civ. Code § 47(c); *Lundquist v. Reusser*, 7

Cal. 4th 1193, 1196, 31 Cal. Rptr. 2d 776-77 (1994); *Savage v. Pacific Gas & Electric Co.*, 21 Cal. App. 4th 434, 448, 26 Cal. Rptr. 2d 305, 314 (1993). Based on the above-referenced undisputed facts and conclusions of law, the Court concludes that there is no triable issue as to any fact material of Boeing's Motion and that Boeing is entitled to judgment as a matter of law on each claim for relief of plaintiff R. Thomas Weibezahl pursuant to Rule 56 of the Federal Rules of Civil Procedure. Accordingly, it is hereby:

ORDERED AND ADJUDGED that the Motion for Summary Judgment against plaintiff R. Thomas Weibezahl be, and the same hereby is, GRANTED. The Clerk is further directed to forthwith enter judgment in favor of Boeing on all claims for relief, together with an award of Boeing's reasonable attorneys' fees and costs in the amount of $_____, to be determined by a Memorandum of Costs.

SO ORDERED this 8th day of May, 2006.

HON. GEORGE P. SCHIAVELLI
JUDGE OF THE UNITED STATES
DISTRICT COURT

SUBMITTED BY:
Daniel F. Fears, Esq.
Steven K. Ganotis, Esq.
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212
E-mail: dff@paynefears.com

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On **May 3, 2006**, I served the following document(s) described as [PROPOSED] **ORDER AND JUDGMENT GRANTING DEFENDANT, BOEING SATELLITE SYSTEMS, INC.'S MOTION FOR SUMMARY JUDGMENT** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

| | |
|---|---|
| Donald K. Hufstader, Esq.<br>Law Offices of Donald Hufstader<br>200 W. Santa Ana Blvd., Suite 200<br>Santa Ana, California 92701-4134<br>Telephone: (714) 835-7024<br>Facsimile: (714) 542-7943 | Attorneys for Plaintiff<br>R. Thomas Weibezahl |

☒ **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☐ **(By Personal Service)** I caused to be delivered by hand, via First Legal Support Services, Civic Center Drive, Santa Ana, CA 92701, 714 -541-1110, on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **May 3, 2006**, at Irvine, California.

Cynthia Martinez

276875.1